IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:08-479 (CMC) |
| v. | **OPINION and ORDER** |
| Michael S. Loggins, | |
| Defendant. | |

This matter is before the court on Defendant's motion requesting termination of supervised release. ECF No. 178.

Title 18 United States Code Section 3583(e) provides that

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served

one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id*. at 283 (citation omitted).

The United States Probation Office opposes early termination "based on section 380.10(b)(3) of Early Termination Policy, (Guide to Judiciary Policy- Chapter 3) which provides the offender should have had 'no aggravated role in the offense of conviction, particularly large drug or fraud offenses.'" The United States Attorney defers to the position of the United States Probation Office.

The court has reviewed the pre-sentence report and found no indication of an aggravated role in a large drug offense. The Defendant was involved in a 3/4 kilo drug deal on one occasion in which a co-defendant was armed with a firearm. He initially lied to investigators concerning knowledge of that transaction, but was not enhanced for obstruction of justice, nor did he receive a role adjustment. Importantly, Defendant had no prior criminal history.

Defendant was sentenced to 106 months, and permitted to self-surrender. He completed over 60 courses while in the BOP and tutored other inmates. He also held down several prison jobs.

Since his release on supervision June 25, 2014, there have been no reported violations. Defendant has secured gainful employment as an electrician, is working two jobs and taking steps to start his own electrical business by taking the Master's Electrician Test in June 2016.

For these reasons, the court grants in part Defendant's request for early termination of supervision. Termination shall be effective at the end of his 24th month of supervision, provided there are no violations.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 13, 2016

3